```
Vaughn A. Crawford
Nevada Bar No. 7665
Jay J. Schuttert
Nevada Bar No. 8656
Joshua D. Cools
Nevada Bar No. 11941
Snell & Wilmer L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
Email: vcrawford@swlaw.com
Email: jschuttert@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendant
FORD MOTOR COMPANY
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANET STODDARD, next friend and mother of ERICA STODDARD, ERICA STODDARD, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | CASE NO. 3:10-cv-00759-ECR-RAM<br><br>**STIPULATED SHARING AND NON-SHARING PROTECTIVE ORDER** |

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents produced by FORD MOTOR COMPANY ("Ford") in this action, it is ordered that:

1. Documents to be produced by Ford in this litigation that contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2. As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.)

12658863

and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential technical information is on Ford. Prior to designating any material as "Protected," Ford must make a bona fide determination that the material is, in fact, a trade secret, confidential technical information or other commercially sensitive information, the dissemination of which would damage Ford's competitive position. If a party disagrees with the "Protected" designation of any document, the party will so notify Ford in writing. Ford will file a motion within 30 days of this written notification for the purpose of establishing that said document is confidential. Any document so marked as "Protected" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the applicable notice "Subject to Non-Sharing Protective Order," "Subject to Protective Order," "Confidential," or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy in such a way that it does not obscure the text or other content of the document.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Employees of Counsel of Record who are involved in the preparation and trial of this action, which are covered under the signature of the Counsel of Record;

///

///

12658863

  c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford; and

  d. The Court, the Court's staff, witnesses, and the jury in this case; and

  e. With respect to documents designated as "sharing," or "Subject to Protective Order," attorneys representing Plaintiff, and the experts and non-attorney consultants retained by such attorneys, in other cases pending against Ford involving a 2004 Ford Escape with claims that the vehicle unexpectedly accelerated, provided no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford.

7. Plaintiff/Plaintiffs' Counsel must make reasonable efforts to ensure the individuals described in paragraphs 6(b), 6(c), and 6(e) above are "Qualified Persons."

8. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b), 6(c) and 6(e) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for Plaintiffs shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(b), 6(c) and 6(e) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed Written Assurance and list shall be submitted to counsel for Ford at the termination of this litigation.

9. To the extent that Protected Documents or information obtained there from are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

10. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of the court, pursuant to *Kamakana v. County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The parties hereby stipulate that the producing party of Protected Document shall have the opportunity to meet the burden of demonstrating that a document should be filed under seal before the document is filed with the Court.

12658863

11.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

12.     To the extent Ford is requested to produce documents it has determined should not be subject to the sharing provision of this protective order in paragraph 6(e), Ford will designate such documents as "Non-Sharing." Documents designated as "Non-Sharing" shall not be shared under paragraph 6(e).

13.     With respect to Protected Documents designated as "Non-Sharing," within one hundred and twenty (120) days after the conclusion of this case, counsel for the parties who received Protected Documents, including any documents that any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, shall either (a) return to Ford the Protected Documents; or (b) securely destroy the Protected Documents and certify such destruction to Ford within one hundred and fifty (150) days after the conclusion of this case.

14.     With respect to documents designated as "Sharing" or "Subject to Protective Order," Counsel for the parties shall not be required to return the Protected Documents to Ford after the conclusion of this case and may retain the documents pursuant to the terms of this Order.

15.     Inadvertent or unintentional production of documents or information containing confidential information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16.     This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17.     After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the

1  Protected Documents for enforcement of the provisions of this Order following termination of
2  this litigation.
3     18.   This Protective Order shall be binding upon the parties hereto, upon their
4  attorneys, and upon the parties' and their attorneys' successors, executors, personal
5  representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,
6  employees, agents, independent contractors, or other persons or organizations over which they
7  have control.
8     19.   As the Protected Documents may only be distributed to "Qualified Persons,"
9  Plaintiff's Counsel, and all persons described in paragraph 6 above, may not post Protected
10 Documents on any website or internet accessible document repository, and shall not under any
11 circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the
12 Confidential information contained therein or the fact that such persons have obtained Ford's
13 Protected Documents and Confidential information.

Respectfully submitted this 21st day of April, 2011.

SNELL & WILMER L.L.P.

By: /s/ John D. Cools
Vaughn A. Crawford, Esq.
Jay J. Schuttert, Esq.
Joshua D. Cools, Esq.
3883 Howard Hughes Pkwy., Ste. 1100
Las Vegas, NV 89169

Attorneys for Defendant
FORD MOTOR COMPANY

By: /s/: Kenneth J. McKenna
Kenneth J. McKenna, Esq.
544 West First Street
Reno, NV 89503

Attorneys for Plaintiff

**ORDER**

IT IS SO ORDERED this 22nd day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Sharing and Non-Sharing Protective Order attached hereto, and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction of the United States District Court for the District of Nevada in the above captioned case and binds me to the provisions of the Stipulated Sharing and Non-Sharing Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This _____ day of _____, 20___.

_____
AFFIANT

SUBSCRIBED AND SWORN to before me
this ___ day of _____, ____.

_____
NOTARY PUBLIC
Name:_____
No.:_____
My Commission Expires: _____

12658863